UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BARRON GATTA,

        Plaintiff,

    v.                                                 20-CV-884-LJV-HKS
                                                           DECISION & ORDER

SPECIAL METALS CORPORATION,

        Defendant.

---

On January 24, 2020, the plaintiff, Barron Gatta, commenced this action in New York State Supreme Court, Chautauqua County, alleging that he was injured due to the negligence of the defendant, Special Metals Corporation ("SMC"). Docket Item 1-3. After SMC removed the action to this Court, Docket Item 1, the case was referred to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 4. On June 7, 2021, SMC moved for judgment on the pleadings, Docket Item 17; on July 15, 2021, Gatta responded, Docket Item 19, and submitted a proposed second amended complaint,[1] Docket Item 19-3; and on August 19, 2021, SMC replied, Docket Item 21.

On August 16, 2023, Judge Schroeder issued a Report and Recommendation ("R&R") finding that SMC's motion should be granted in part and denied in part.[2] Docket Item 22. More specifically, Judge Schroeder recommended that the motion be

---

[1] Before the case was removed, Gatta amended his complaint, Docket Item 1-9, and SMC answered the amended complaint, Docket Item 1-10.

[2] Judge Schroeder did not consider the proposed second amended complaint or the affidavit submitted with it. Docket Item 22 at 4-6. But he recommended granting Gatta leave to amend the complaint a second time. Id. at 6 n.3.

granted with leave to amend as to Gatta's common law negligence claims and denied as to Gatta's claim under New York Labor Law § 200 ("Labor Law section 200"). *Id.*

On August 30, 2023, SMC objected to the R&R on the ground that Judge Schroeder should have recommended granting the motion in its entirety. Docket Item 23. On October 11, 2023, Gatta responded to the objection. Docket Item 25. And on October 25, 2023, SMC replied. Docket Item 26.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Schroeder. Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation. Accordingly, SMC's motion is denied as to Gatta's Labor Law section 200 claim but will be granted as to Gatta's common law negligence claims unless Gatta files a second amended complaint addressing the deficiencies noted in the R&R.

## **LEGAL PRINCIPLES**

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is "the same standard [that applies] to dismissals pursuant to Rule 12(b)(6)." *L-7 Designs,*

*Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011) (alterations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

The Court assumes the reader's familiarity with the facts alleged in the amended complaint, *see* Docket Item 1-9, and Judge Schroeder's analysis in the R&R, *see* Docket Item 22, and refers to them only as necessary to explain its decision.[3]

### I.   COMMON LAW NEGLIGENCE CLAIMS

Gatta asserts common law negligence claims based on SMC's alleged inaction, failure to train, failure to supervise, and failure to abide by industry standards. Docket Item 1-9 at ¶¶ 17-33. Judge Schroeder recommended that each of those claims be dismissed, Docket Item 22 at 6-11, but that if Gatta seeks leave to amend, "leave to amend be granted," *id.* at 6 n.3.

---

[3] On a motion for judgment on the pleadings under Rule 12(c), as on a motion to dismiss under Rule 12(b)(6), the court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in [the] plaintiff's favor." *In re Thelen LLP*, 736 F.3d 213, 218 (2d Cir. 2013).

Neither party objected to that recommendation, see Docket Items 23, 25-26, and this Court therefore is not required to review it, see *Thomas*, 474 U.S. at 149-50 (neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised). Nevertheless, the Court in its discretion has reviewed that portion of the R&R.

Based on that review and the absence of any objection, the Court accepts and adopts the R&R's finding that Gatta has failed to state claims for common law negligence. But in light of Judge Schroeder's recommendation that Gatta be given leave to amend his complaint a second time, see Docket Item 22 at 6 n.3; *id.* at 9 n.5 (noting that the proposed "second amended complaint and supporting affidavit may change th[e] analysis" of Gatta's common law negligence claims), those claims will not be dismissed if Gatta files a second amended complaint, reasserting those claims and addressing the deficiencies noted in the R&R, within 30 days of the date of this order.

## II.     LABOR LAW SECTION 200 CLAIM

"Labor Law [section] 200 codifies the common law duty of an owner or employer to provide employees a safe workplace." *Homola v. Praxair, Inc.*, 2010 WL 2160348, at *3 (W.D.N.Y. May 27, 2010) (citing *Comes v. N.Y. State Elec. & Gas Corp.*, 82 N.Y.2d 876, 631 N.E.2d 110 (1993); *Russin v. Louis N. Picciano & Son*, 54 N.Y.2d 311, 429 N.E.2d 805 (1981)). It "applies to owners, contractors, or their agents, who 'have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition.'" *Id.* (quoting *Russin*, 54 N.Y.2d at 317, 429 N.E.2d at 807).

"Cases involving Labor Law [section] 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises

conditions at a worksite, and those involving the manner in which the work is performed." *Ortega v. Puccia*, 57 A.D.3d 54, 61, 866 N.Y.S.2d 323, 329 (2d Dep't 2008). "Where the alleged defect or dangerous condition arises from the [plaintiff's] methods and the owner . . . 'exercises no supervisory control over the operation, no liability attaches to the owner . . . under section 200 of the Labor Law.'"[4] *Vega v. FNUB, Inc.*, 217 A.D.3d 1475, 1478, 192 N.Y.S.3d 863, 868 (4th Dep't 2023) (quoting *Lombardi v. Stout*, 80 N.Y.2d 290, 295, 604 N.E.2d 117, 119 (1992)).

Judge Schroeder found that Gatta had not plausibly alleged that he was injured due to a dangerous condition on SMC's premises. Docket Item 22 at 13. Neither party objected to that finding.[5] *See* Docket Items 23, 25-26. But Judge Schroeder also found that Gatta has alleged a plausible Labor Law section 200 claim based on the manner in which Gatta performed his work. Docket Item 22 at 13-16.

---

[4] SMC contends that the Second Department has a different standard for Labor Law section 200 claims than the other Appellate Division departments and that Judge Schroeder applied the incorrect standard in the R&R. Docket Item 23 at 8-9. More specifically, it says that in the Second Department, an owner can be held liable under Labor Law section 200 if it had "authority to supervise the work" at issue, while in the other departments—including the Fourth Department, which covers the Western District of New York—an owner can be held liable only if it actually "exercised supervision of or control over the work that led to the injury." *Id.* (citing *Abreu v. Frocione Props., LLC*, 199 A.D.3d 1452, 154 N.Y.S.3d 620 (4th Dep't 2021)). Gatta responds that there is no such split among the departments. Docket Item 25 at 5-7.

Because this Court finds that Gatta has plausibly alleged that SMC actually supervised or controlled the work that caused his injury, *infra* at 5-7, it need not determine whether New York court decisions on Labor Law section 200 create a split.

[5] Gatta's suggestion that Judge Schroeder "concluded that [SMC] had . . . actual or constructive notice of [a] dangerous condition" is incorrect and immaterial. *See* Docket Item 25 at 7.

5

SMC objects to that conclusion. Docket Item 23 at 7-11. More specifically, SMC argues that Gatta's "factual allegations are insufficient" to support his "conclusory" statement that "SMC actually exercised supervision and control over the manner of [his] work." Docket Item 23 at 9-10; see Docket Item 1-9 at ¶ 37. This Court disagrees.

Gatta alleges that on the day he was injured, he delivered a shipment of metal rods—each of which weighed "about 2000 pounds"—to a manufacturing facility operated by SMC. Docket Item 1-9 at ¶¶ 3-8. He says that after he arrived at the facility, he "requested that [SMC's] employees use a crane or a forklift, or otherwise assist him, to remove the [rods] from the trailer." Id. at ¶¶ 9-10. But, he alleges, SMC's employees "declined to assist [him] and informed him he was solely responsible for unloading the product." Id. at ¶ 11. Gatta says that when he then attempted to do that, "[t]he rods shifted under [his] feet" and he fell "from the trailer bed from a height of about 6 to 8 feet," sustaining serious injuries. Id. at ¶¶ 12-16.

As Judge Schroeder found, "[d]rawing all reasonable inferences in [Gatta's] favor," those specific factual allegations suggest that SMC actually exercised control over the manner in which Gatta unloaded the rods. See Docket Item 22 at 15. Gatta's truck was delivering heavy rods to SMC, and those rods had to be unloaded for Gatta to complete his task. Docket Item 1-9 at ¶¶ 5-8. He asked for help, but SMC employees told him that he had to do it himself. Id. at ¶¶ 9-11. Under the circumstances, Gatta had little choice other than to do what the SMC employees told him to do. Id. at ¶ 12.

This is not a situation where Gatta attempted to perform his work without advice from SMC. Cf. Affri v. Basch, 13 N.Y.3d 592, 596, 921 N.E.2d 1034, 1036 (2009) (finding that homeowner defendants did not exercise sufficient supervisory control over

6

plaintiff's work because they did not instruct plaintiff about "the method or manner in which the work was . . . to be performed" and were not present when plaintiff performed the work). On the contrary, Gatta asked for assistance and SMC's employees instructed him to unload the rods himself. See Docket Item 1-9 at ¶¶ 9-11. What is more, it certainly is plausible—based on Gatta's allegation that he asked SMC employees to use a crane or forklift to unload the rods—that SMC controlled heavy machinery that could have been used to unload the rods safely. See id.; see also Docket Item 22 at 15 ("Indeed, one can reasonably infer [that] . . . [SMC] bore at least some responsibility for unloading the truck or providing proper equipment to do so."); id. at 16 n.9 (noting that SMC "has not established that it was solely [Gatta's] responsibility to unload the truck"). And if a crane or forklift was available and Gatta amends his complaint as the R&R suggested, that might support both Labor Law and negligence claims.

In sum, Gatta has plausibly alleged that SMC controlled and instructed him as to the manner in which he should perform the work that led to his injury. He therefore has stated a plausible claim under Labor Law section 200.

## **CONCLUSION**

For the reasons stated above and in the R&R, SMC's motion for judgment on the pleadings, Docket Item 17, is DENIED as to Gatta's Labor Law section 200 claim, but it will be GRANTED as to Gatta's common law negligence claims unless, within **30 days of the date of this order**, Gatta files a second amended complaint addressing the deficiencies in those claims. The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of August 13, 2020, Docket Item 4.

7

SO ORDERED.

Dated:   December 14, 2023
         Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE