UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BARRON GATTA,

   Plaintiff,

 v.               20-CV-884-LJV-HKS
                 DECISION & ORDER
SPECIAL METALS CORPORATION,

   Defendant.

---

   The plaintiff, Barron Gatta, filed a complaint in New York State Supreme Court, Chautauqua County, alleging that he was injured due to the negligence of the defendant, Special Metals Corporation ("SMC"). Docket Item 1-3. After the case was removed, on August 13, 2020, this Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 4. SMC then moved for judgment on the pleadings, Docket Item 17, and this Court eventually adopted Judge Schroeder's recommendation, Docket Item 22, to deny the motion as to the fifth cause of action under New York Labor Law but to grant the motion as to the remaining negligence claims unless Gatta amended his complaint to address the deficiencies noted by the Court, Docket Item 27.

   Gatta then filed a second amended complaint asserting five causes of action: (1) negligence with respect to inaction by SMC's employees; (2) negligence with respect to SMC's failure to train its employees; (3) negligence with respect to SMC's failure to supervise its employees; (4) negligence with respect to SMC's failure to abide by industry standards; and (5) a violation of New York Labor Law § 200. Docket Item 28.

SMC again moved for judgment on the pleadings with respect to Gatta's second, third, and fourth causes of action, as well as his Labor Law claim based on "the condition of the premises." Docket Item 31; *see* Docket Item 31-2. After Gatta responded to SMC's motion, Docket Item 33, and SMC replied, Docket Item 34, Judge Schroeder issued a Report and Recommendation ("R&R") finding that SMC's motion should be granted, Docket Item 35. The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant SMC's motion.

For the reasons stated above and in the R&R, SMC's motion for judgment on the pleadings, Docket Item 31, is GRANTED, and Gatta's second, third, and fourth causes of action, as well as his Labor Law claim based on the conditions of the premises, are

DISMISSED.[1]  The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of August 13, 2020, Docket Item 4.

    SO ORDERED.

Dated:    May 14, 2024
            Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE

---

[1] Gatta's first cause of action for negligence and his fifth cause of action based on the New York Labor Law other than as to the condition of the premises survive.