UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BARRON GATTA,

        Plaintiff,

    v.

SPECIAL METALS CORPORATION,

        Defendant.

                           20-CV-884-LJV-HKS
                           DECISION & ORDER

---

On January 24, 2020, the plaintiff, Barron Gatta, commenced this personal injury

action in New York State Supreme Court, Chautauqua County.  Docket Item 1-3

(complaint).  On July 13, 2020, the defendant, Special Metals Corporation ("Special

Metals"), removed the case to this Court.  Docket Item 1.  Following removal, this Court

referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all

proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 4.

On October 10, 2025, Special Metals moved for summary judgment and to

amend its answer to raise an additional affirmative defense based on New York

Workers' Compensation Law.[1]  Docket Item 48.  That same day, Special Metals moved

to preclude Gatta from introducing certain evidence and to preclude his expert, Richard

Kaletsky, from testifying on four matters.[2]  Docket Item 49.  Gatta filed a response in

---

[1] Special Metals sought to raise an affirmative defense that Gatta's claims "are barred by the exclusive remedy of the New York Workers' Compensation [L]aw." Docket Item 53 at 24; *see also* Docket Item 48-15 at 28 (arguing that Special Metals should be permitted to amend its answer to raise this defense in light of assertions "first made in [Gatta]'s expert report").  Throughout this decision and order, page numbers in docket citations refer to ECF pagination.

[2] More specifically, Special Metals sought to preclude Kaletsky  (i) "from offering his conclusory opinions regarding [Special Metals'] alleged supervisory role" over Gatta;

opposition to the motion for summary judgment, Docket Item 51, in which he noted that Special Metals had failed to include the statement of undisputed material facts required by Local Rule of Civil Procedure 56, *id.* ¶ 29.  Special Metals then submitted its statement of undisputed material facts, Docket Item 52, but did not otherwise reply.

On July 21, 2026, Judge Schroeder issued a Report, Recommendation, and Order ("RR&O") finding that Special Metals' motion for summary judgment should be denied.  Docket Item 53.  In making that recommendation, Judge Schroeder first addressed Special Metals' motion in limine and its request to amend its answer, ultimately granting the motion in limine in part and recommending that the request to amend the answer be denied.  *Id.* at 16-28.[3]  Neither side objected to the RR&O, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review de novo those portions of a magistrate judge's recommendation to which a party

---

(ii) "from offering his opinion that" Gatta and two non-parties "ha[d] no legal duties as a matter of law"; (iii) "from testifying regarding various parties' thoughts, feelings, and state[s] of mind"; and (iv) "from offering criticism of [Special Metals] that are outside . . . the scope of" his expert report.  Docket Item 49 at 1.  It also sought to preclude Gatta (i) "from introducing proof regarding the corporate relationship between" Special Metals and non-party TIMET; and (ii) "from offering evidence regarding subsequent remedial measures."  *Id.* at 1-2; *see also* Docket Item 53 at 16-23 (analyzing Special Metals' motion in limine).

[3]Judge Schroeder granted the motion in limine as to the four challenged areas of Kaletsky's testimony and the evidence of the corporation relationship between Special Metals and non-party TIMET, but only partially granted Special Metals' request to exclude evidence of subsequent remedial measures.  Docket Item 53 at 16-23.  Judge Schroeder also recommended that Special Metals' request to amend its answer should be denied as futile because "no reasonable factfinder could conclude that [Gatta] was a 'special employee' of [Special Metals]" at the time of the accident.  *See id.* at 26.

objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's thorough RR&O as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to deny the defendant's motion for summary judgment and its request to amend its answer.

For the reasons stated above and in the RR&O, the defendant's motion for summary judgment, Docket Item 48, is DENIED, and its request to amend its answer, Docket Item 48-15 at 28, is DENIED as well.  The parties shall contact the Court within 30 days of the date of this order to schedule a status conference to set a trial date.

SO ORDERED.

Dated:       August 12, 2026
             Buffalo, New York

                                           /s/ Lawrence J. Vilardo
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE

3